[Sac. No. 4342. In Bank.—February 16, 1931.]

A. W. KECK et al., Respondents, v. G. O. KECK et al., Appellants.

D. E. Perkins for Appellants.

Power, McFadzean & Crowe, Power & McFadzean **and** H. B. McClure for Respondents.

PRESTON, J.—This is a family dispute centering around the control and management of a California family corporation organized in 1908 and known as the Keck Company. The father, G. O. Keck, and the brothers, A. W. Keck and Ralph D. Keck, complete the *dramatis personae*. The latter, however, plays an unimportant role, leaving the father and the other son, A. W. Keck, as the principal actors. Both the father and the son, Ralph D. Keck, have died since judgment in this action and their respective personal representatives have been substituted as parties appellant.

The Keck Company has a capital stock of 1,000 shares of the par value of $100 each and from the date of its organization until about the year 1919 it was an active concern engaged in extensive farming operations. It now owns real estate of the approximate value of $50,000. Since 1919 it

has been a dormant corporation but at that time it owned a considerable amount of liquid assets other than said real property. From its organization until the year 1922 it was under the active management of A. W. Keck. During that year, however, on account of both physical and mental illness he disappeared from the scene of action and remained away until about the year 1926, when he re-appeared, apparently restored in both mind and body. In 1925 his place on the board of directors was filled, and, finding this out in 1926, as above mentioned, unfortunate differences in the family arose.

Prior to his illness, A. W. Keck had become indebted to the corporation for borrowed money, which said sum, together with sums advanced for his account during his illness, aggregated the total sum of $42,018.48. During the same period the father was a responsible member of a co-partnership, known as Keck & Keck, composed of himself and the son Ralph D. Keck, which also became indebted to the corporation in the sum of $99,775.68, and the father individually became indebted to the corporation in the sum of $9,610.67. The said partnership had become practically insolvent and the son Ralph D. Keck had sold to his father his stock in the family corporation, so that at the period here involved the beneficial interest in the stock of said corporation was owned as follows: By the father 461½ shares, plus 77 shares; by A. W. Keck, 461½ shares. Although the latter's stock, with the exception of one share, stood in the name of A. W. Keck Company, a corporation, he was the sole owner of the A. W. Keck Company capital stock, so in reality the entire stock of the family corporation was owned by the father and said son, about fifty-four per cent thereof by the father and about forty-six per cent thereof by the son.

In 1927, A. W. Keck, on behalf of himself and of the corporation owned by him, sued in equity on behalf of the Keck Company, naming as defendants said Keck Company, said partnership and his said father and brother, asking for an accounting between the said Keck Company and the other defendants, for judgment in favor of the corporation against all other defendants for the sums found due from them and for other ancillary relief not necessary here to record, except that a receivership was prayed for in order

to prevent dissipation of the assets of said corporation. The defendants retaliated, charging that the plaintiff, A. W. Keck, was likewise heavily indebted to said corporation, Keck Company, and joined in the prayer for an accounting, following this with an offer to pay their indebtedness to said corporation when and after said plaintiff had first liquidated his obligation to it. The prayer was also that judgment be given in favor of the corporation and against A. W. Keck and the A. W. Keck Company.

Thereafter the case came to trial, an accounting was had by a referee and report made to the court and as a result of such accounting the items of indebtedness above referred to were ascertained to be correct and are not here in dispute. Findings of fact were made in accordance with this accounting, followed by judgment in favor of the corporation and against G. O. Keck for the sum of $9,610.67, against G. O. Keck and Ralph D. Keck, copartners under the firm name and style of Keck & Keck, for the sum of $99,775.68 and against A. W. Keck in the sum of $42,018.48. Said judgment likewise enjoined the defendants from dissipating the assets of the corporation and from transferring the said partnership and assets thereof to it, or from borrowing from the corporation or loaning to themselves any of the assets thereof and it concluded by holding the cause open for the purpose of entertaining a motion for the appointment of a receiver to enforce the decree, to protect the stockholders of said corporation and to carry out the other provisions of the judgment.

The defendants have appealed, although, as above stated, the judgment of the court below was practically in accord with the prayer of their answer. They make the sole contention for reversal that the court should have first required plaintiff A. W. Keck to pay and discharge his indebtedness to the corporation before judgment of any kind passed against them, attempting to call into operation the familiar principle in equity that he who seeks equity must first do equity. Appellants say that plaintiff may be or become insolvent, in which event they may be forced to pay the amounts due from them while he will not be required to pay the amounts due from him, but will thus be freed from his correlative obligation.

It is possible for a condition to arise out of this situation which might work to the disadvantage of the defendants, but we cannot see the necessity for making application of the equitable principle contended for, for the reason that the indebtedness from the respective parties to the corporation is admittedly correct and the judgment in the main is in accord with the prayer of the pleadings of all the parties. The action by plaintiffs really amounted to invoking the power of a court of equity to establish the rights and obligations of all the parties concerned. Moreover, the court has retained jurisdiction for the purpose of supervising the enforcement of its decree through the appointment of a receiver or other further proceedings in the matter and we feel that it has the power to prevent any threatened injustice in connection with the administration of this subject matter. While we regard it as unfortunate that a cause of this nature should reach the courts, still the clear duty of this court seems to be to uphold the action of the court below.

Accordingly, the judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., Waste, C. J., and Richards, J., concurred.